UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DONNA BANDINI,

      Plaintiff,

vs.

PRINCIPAL LIFE INSURANCE
COMPANY,

      Defendant.

_____)

## **COMPLAINT**

The Plaintiff, Donna Bandini ("BANDINI"), by and through the undersigned counsel, hereby sues Principal Life Insurance Company ("PRINCIPAL") and alleges:

### **PRELIMINARY ALLEGATIONS**

1.    "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.    BANDINI was at all times relevant a plan participant under the Security First Managers, LLC Long Term Disability Policy, Group No.: GLT1065962 ("LTD Plan").

3.    Defendant, PRINCIPAL, is a corporation with its principal place of business in the State of Iowa, authorized to transact and is transacting business in, and may be found in the Middle District of Florida. PRINCIPAL is the insurer of benefits under the Security First Managers, LLC LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, PRINCIPAL administered the claim with a conflict of interest and the bias this created affected the claims determination.

4.    The PRINCIPAL LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Security First Managers, LLC under which BANDINI was a participant, and pursuant to which BANDINI is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, BANDINI is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as BANDINI remains disabled as required under the terms and conditions of the LTD plans.

5.    Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, PRINCIPAL, is authorized to and is doing business within the Middle District of Florida and BANDINI is a resident of Indiatlantic, Florida- Brevard County.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

6.    BANDINI incorporates by reference all preceding paragraphs as though fully set forth herein.

7.    At all times relevant, BANDINI was a plan participant or former plan participant under the terms and conditions of the LTD Plans.

8.    Prior to disability BANDINI worked as an Insurance Adjuster for Security First

Managers, LLC.

9.    During the course of BANDINI's employment, BANDINI became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while BANDINI was covered under the LTD Plans, BANDINI suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

10.  Pursuant to the terms of the LTD Plans, BANDINI made a claim to PRINCIPAL for benefits under the LTD Plan with an effective date of disability of July 16, 2018.

11.  Following the applicable elimination period, long term disability benefits became payable on January 13, 2019.

12.  The LTD Plan defines disability to mean During the first 12 months of the Disability, a Member will be considered Disabled if, solely and directly because of sickness, injury, or pregnancy, one of the following applies: (1) The Member cannot perform the Substantial and Material Duties of his or her Own Job; or (2) The Member is performing the duties of his or her Own Job on a Modified Basis or any job and is unable to earn more than 80% of his or her Predisability Earnings. After the first 12 months of the Disability, a Member will be considered Disabled during the Elimination Period and the Own Occupation Period, if, solely and directly because of sickness, injury, or pregnancy, one of the following applies: (a) The Member cannot perform the Substantial and Material Duties of his or her Own Occupation; or (b) The Member is performing the duties of his or her Own Occupation on a Modified Basis or any occupation and is unable to earn more than 80% of his or her Indexed Predisability Earnings. After completing the Elimination Period

and the Own Occupation Period, one of the following applies: (a) The Member cannot perform the Substantial and Material Duties of any occupation for which he or she is or may reasonably become qualified based on education, training, or experience. (b) The Member is performing the Substantial and Material Duties of his or her Own Occupation or any occupation on a Modified Basis and is unable to earn more than 80% of his or her Indexed Predisability Earnings.

13.  BANDINI's claim for LTD Benefits is currently under the Any Occupation standard of disability.

14.  PRINCIPAL initially approved BANDINI's disability claim as it related to the own occupation definitions of disability.

15.  On or about January 13, 2022, PRINCIPAL notified BANDINI it was terminating her claim for LTD Benefits as PRINCIPAL had determined there was insufficient evidence to support her inability to perform the duties of any occupation.

16.  On March 18, 2022, BANDINI appealed PRINCIPAL's denial.

17.  During the course of the appeal review PRINCIPAL sent BANDINI to an Independent Medical Examination (IME).

18.  The IME doctor determined that BANDINI would be capable of light duty work.

19.  Based in part on the IME report PRINCIPAL advised BANDINI on August 18, 2022, that it was upholding the denial of her claim for LTD Benefits.

20.  PRINCIPAL advised BANDINI in the August 18, 2022, denial letter that she had a right to appeal the adverse determination.

4

21.  On March 15, 2023, BANDINI submitted her administrative appeal of the denial of her LTD Benefits and provided additional information in support of disability to include a Functional Capacity Examination that indicated she did not have the residual functional ability to work.

22.  On July 12, 2023, PRINCIPAL advised BANDINI it was upholding the denial of her claim for LTD Benefits.

23.   BANDINI has exhausted her administrative remedies.

24.  PRINCIPAL breached the LTD Plan and violated ERISA in the following respects:

    a.    Failing to pay LTD benefits to BANDINI at a time when PRINCIPAL and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as BANDINI was disabled and unable to work and therefore entitled to benefits.

    b.    After BANDINI's claim was denied in whole or in part, PRINCIPAL failed to adequately describe to BANDINI any additional material or information necessary for BANDINI to perfect him claim along with an explanation of why such material is or was necessary.

    c.    PRINCIPAL failed to properly and adequately investigate the merits of BANDINI's disability claim and failed to provide a full and fair review of BANDINI's claim.

25.  BANDINI believes and alleges that PRINCIPAL wrongfully denied her claim for

LTD Benefits under the LTD Plan by other acts or omissions of which BANDINI is presently unaware, but which may be discovered in this future litigation and which BANDINI will immediately make PRINCIPAL aware of once said acts or omissions are discovered by BANDINI.

26.   As a proximate result of the aforementioned wrongful conduct of PRINCIPAL under the LTD Plan, BANDINI has damages for loss of disability benefits in a total sum to be shown at the time of trial.

27.   As a further direct and proximate result of this improper determination regarding BANDINI's claims for benefits, BANDINI, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), BANDINI is entitled to have such fees and costs paid by PRINCIPAL.

28.   The wrongful conduct of PRINCIPAL has created uncertainty where none should exist; therefore, BANDINI is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## **<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Donna Bandini prays for relief against the Principal Life Insurance Company as follows:

1.   Payment of disability benefits due Plaintiff;

2.   An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.    Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.    Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.    Such other and further relief as this Court deems just and proper.

DATED: July 17, 2023

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2625 Weston Rd
Weston, FL 33331
(954) 620-8300

   /s/ Stephen F. Jessup
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com